NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 07-CV-14-KKC

LESLIE A. FOGARTY, ET AL.                                                                PLAINTIFFS

VS:                       **MEMORANDUM OPINION AND ORDER**

COMMONWEALTH OF KENTUCKY                                                         DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Motion to Dismiss filed by the defendant, the Commonwealth of Kentucky. [Record No. 7].

## BACKGROUND

On February 28, 2007, the Clerk of this Court received, by mail from California, a *pro se* civil rights complaint and full payment of the district court filing fee from Plaintiff Leslie A. Fogarty, who gave a California return address. In the complaint, the plaintiff stated that she[1] is bringing the action on behalf of herself and also on behalf of a man named Ronnie Lee Lawrence and "A CLASS OF CITIZENS damaged by the actions and or neglect of duty of the Commonwealth of Kentucky hereafter termed COK." The class is further defined as "citizens with brain function disabilities. . . ."

Fogarty alleges that the Commonwealth is obligated to uphold the federal rights of its

---

[1] As the Court has noted previously herein, the plaintiff does not reveal his or her gender. The Court has assumed that this litigant is a woman and will use feminine pronouns until the gender issue is clarified to the contrary in the record.

citizens, but it has failed to protect those rights for citizens who have brain function disabilities, including herself and a Ronnie Lawrence. Lawrence is described as being jailed in Crittenden County, Kentucky, without his disability being accommodated. Without the care he can obtain when he is outside of the jail, she claims, his life is endangered.

The plaintiff demands injunctive relief and damages for all members of the class. Further, in a motion which accompanied the complaint, she originally sought an immediate protective order because she alleged that "Kentucky is causing plaintiff Ronnie Lee Lawrence to be endanger [sic] of losing his life." The motion was denied for Fogarty's failure to allege the need for such relief consistent with the requirements of Federal Rule of Civil Procedure 65. Record No. 6.

On March 19, 2007, the Commonwealth of Kentucky, by an Assistant Attorney General of the Commonwealth, submitted the motion to dismiss which is before the Court today.

## DEFENDANT'S MOTION TO DISMISS

The Defendant Commonwealth moves the Court to dismiss the instant action for lack of jurisdiction, pursuant to Federal Rule of Civil Procedure[2] 12(b)(1), or alternatively, for failure to state a cognizable claim, pursuant to Rule 12(b)(6).

The defendant gives facts about Ronnie Lawrence through attached state court documents, including a copy of his 2003 indictment on rape charges in Crittenden Circuit Court, an Order of that Court showing that a mental evaluation is to be performed on Lawrence, and a March 9, 2007 Order showing that his subsequent appearance at a status hearing was scheduled for May 17, 2007. As to the plaintiff, the defendant describes her allegations as being "sketchy . . . vague [and] conclusory."

---

[2] The Commonwealth actually uses the citation "CR" for Civil Rule 12, a state rule which is virtually identical to Federal Rule of Civil Procedure 12.

2

The Commonwealth acknowledges that *pro se* pleadings are to be liberally construed but contends that these allegations fail to meet even the liberal standards for *pro se* pleadings. Therefore, the complaint should be dismissed for Plaintiff's failure to provide facts to support her allegations.

The defendant's rationale for seeking dismissal under Rule 12(b)(1) is that even had there been more factual pleadings, the matter should still be dismissed failure to establish Article III jurisdiction, the plaintiff failing to establish an actual case or controversy. Purportedly, establish standing to represent Lawrence and also fails to state any factual requisites for establishing her own standing, having failed to allege any injury caused by the Commonwealth's conduct. Nor has she established standing to represent Lawrence.

In seeking dismissal for failure to state a claim pursuant to Rule 12(b)(6), the Commonwealth argues that as a State of the United States, it is protected from suit under 42 U.S.C. §1983, pursuant to the doctrine of sovereign immunity, the Eleventh Amendment of the U.S. Constitution, and *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989), holding that a State is not a "person" susceptible to suit.

RESPONSE

Plaintiff Fogarty responded to the Commonwealth's motion with a notice of change of address, her new address being in Alexandria, Virginia, and a one-page, handwritten pleading entitled "Response to Dismiss."

In her response, which contains four sections, Fogarty states that (1) she has been a resident of Kentucky since 1998, purchased a farm in Kentucky in 1999, and has a Kentucky driver's license. She counters the Commonwealth's arguments by (2) insisting that she has suffered damages because of Kentucky and she will soon send to this Court a copy of the complaint she filed with the U.S.

Department of Justice. Fogarty (3) attaches a photocopy of a handwritten paragraph wherein Lawrence gives "Leslie Anne Fogarty Permission to work on my behalf . . . ," and she asserts (4) that Kentucky does not enjoy Eleventh Amendment immunity for claims under the Americans with Disabilities Act ("ADA").

## REPLY

The defendant has filed a reply in which the State points out that Plaintiff's allegations remain vague and again urges dismissal of this case for the plaintiff's failure to state a claim or for lack of jurisdiction. Additionally, the Commonwealth of Kentucky contends that since the allegations do not state a Fourteenth Amendment claim, the ADA's waiver of states' immunity does not apply. And, finally, even if the pleadings weren't so flawed, the Court should abstain from adjudicating the State's conduct under the principles of *Younger v. Harris*, 401 U.S. 37 (1971).

## DISCUSSION

The Court must agree with the Commonwealth in every respect. First, Fogarty's allegations are too insubstantial to proceed.

Plaintiff Fogarty does not state what the Commonwealth did or failed to do or how she was injured. With regard to the sufficiency of *pro se* pleadings, the Sixth Circuit has noted:

> Before the recent onslaught of *pro se* prisoner suits, the Supreme Court suggested that *pro se* complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in *pro se* suits. *See*, *e.g.*, *Id.* at 521 (holding petitioner to standards of *Conley v. Gibson*); *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir.) (duty to be less stringent with *pro se* complaint does not require court to conjure up unpled allegations), *cert. denied*, 464 U.S. 986 (1983); *McDonald v. Hall*, 610 F.2d 16 (1st Cir. 1979) (same); *Jarrell v. Tisch*, 656 F. Supp. 237 (D. D.C. 1987) (*pro se* plaintiffs should plead with requisite specificity so as to give defendants notice); *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981) (even *pro se* litigants must meet some

4

minimum standards).

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The pleadings in this case have not set forth the factual basis of the claim in a manner that gives the defendants proper notice and does not require either the defendants or this court to "conjure up unpled allegations." *Id*.

"A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits the facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied*, 431 U.S. 914 (1977)).

When a plaintiff/petitioner generally alleges that he has been deprived of rights, privileges or immunities secured by the federal Constitution and/or laws, but the petitioner/plaintiff nowhere identifies the substance of the alleged deprivation, such conclusory statements are insufficient under §1983. *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994) (citing *See Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir.), *cert. denied*, 484 U.S. 945 (1987)). Accordingly, Plaintiff Forgarty fails to state a claim herein, and her complaint warrants summary dismissal.

Further, the Court agrees that this plaintiff's allegations are so insufficient as to fail to establish a "case or controversy." Pursuant to Article III of the Constitution, the courts may only have jurisdiction over "cases" and "controversies." *T.H.E. Insurance v. Naghtin*, 916 F.2d 1082 (6th Cir. 1990). "Jurisdiction depends upon a finding that the plaintiff has suffered some threatened or actual injury resulting from the putatively illegal action . . . ." *Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 491 (6th Cir. 1995) (citing, *inter alia*, *Warth v. Seldin*, 422 U.S. 490, 499 (1975)."

If a party does not have standing to bring an action under Article III of the Constitution, a court must issue an order of dismissal as it has no jurisdiction over the matter. *Greater Cincinnati Coalition, et al. v. City of Cincinnati*, 56 F.3d 710, 715 (6th Cir. 1995) (citing *DeBolt v. Espy*, 47 F.3d 777, 779 (6th Cir. 1995)). Such is exactly the situation herein.

Fogarty's allegations about Lawrence suffer the same deficiencies and more. Not only are her allegations about his life being in danger not supported with any facts, she also fails to present facts which would establish that she has some legal standing to speak for him. The Sixth Circuit Court of Appeals has noted:

> *[J]us tertii* standing involves a two-part inquiry: first, whether the litigant's relationship with the third party whose right he seeks to assert is such that "'the enjoyment of the right is inextricably bound up with the activity the litigant wishes to pursue,' and second, whether the third party is not as well-situated to assert the allegedly affected right on his own behalf. *Id*. at 1394 (quoting *Singleton v. Wulff*, 428 U.S. 106, 114 (1976))."

*Volunteer Medical Clinic, Inc. v. Operation Rescue*, 948 F.2d 218, 223 (6th Cir. 1991). See also Fed.R.Civ.P. 11. Also, with regard to both Fogarty and Lawrence, since they have failed to state a cognizable federal claim against the Commonwealth under the ADA, they cannot claim the waiver of immunity provided in the ADA.

Finally, the Court agrees that regardless of the foregoing, even had Fogarty established some legal basis for representing Lawrence or even if Lawrence had filed in his own behalf, *Younger* abstention would be appropriate. In *Kelm v. Hyatt*, 44 F.3d 415 (6th Cir. 1995), the appellate court int his circuit wrote as follows:

> In *Younger v. Harris*, [401 U.S. 37 (1971)], the Supreme Court required that a federal court abstain from enjoining a pending state criminal proceeding. In *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, the Court applied *Younger* "to non-criminal judicial proceedings when important state interests are

> involved." 457 U.S. 423, 432 (1982) (citations omitted).  Later, the Court extended the *Younger* principles to state civil proceedings.  *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987).  In *Pennzoil*, the Court held that federal courts must abstain from hearing challenges to pending state proceedings where the state's interest is so important that exercising federal jurisdiction would disrupt the comity between federal and state courts.  *Id.*
>
> Interpreting the above authorities, we have held that *Younger* requires federal courts to abstain where:  (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims.  *Nilsson v. Ruppert, Bronson & Chicarelli Co.*, 888 F.2d 452, 454 (6th Cir. 1989).

*Id.* at 419.  "[W]e have held that 'if a state proceeding is pending at the time the action is filed in federal court, the first criteria for *Younger* abstention is satisfied.'"  *Id.* (quoting *Federal Express Corp. v. Tennessee Pub. Serv. Comm'n*, 925 F.2d 962, 969 (6th Cir. 1991), *cert. denied*, 502 U.S. 812, 112 S. Ct. 59 (1991)).

In the instant case, the parties agree that criminal proceedings are pending against Lawrence.  Moreover, those proceedings have given rise to the issue of Lawrence's mental abilities, the state court's Order for his psychological examination directing that he be evaluated for whether he is "mentally ill" or "mentally retarded," is "incompetent" now, or was "insane" at the time of the crime(s) for which he was indicted.  The State is primary in the health and welfare issues of its citizenry, and the Commonwealth has shown its willingness to adjudicate Defendant Lawrence's mental claim.

With regard to the adequacy of state courts to address constitutional claims, the Sixth Circuit has written as follows:

> Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff.  *Pennzoil*, 481 U.S. at 1.  In *Pennzoil*, the Court noted because all state court judges are bound by the United States Constitution, federal courts:
> > cannot assume that state judges will interpret ambiguities in state procedural

7

>law to bar presentation of federal claims . . . . Accordingly, when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.

*Id.* at 6. Thus, the plaintiff must prove the inadequacy of the state courts. *Kelm,* 44 F.3d at 420. "[C]ase law suggests that, notwithstanding the delay inherent in the finality doctrine, an opportunity to raise constitutional claims is adequate even though such opportunity arises only upon appellate review." *Id.* at 424. *See also Watts v. Burkhart*, 854 F.2d 839 (6th Cir. 1988); *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 629 (1986); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 436 & n.15 (1982).

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) The defendant's motion to dismiss [Record No. 7] is **GRANTED**; and

(2) This action is **DISMISSED**, without prejudice, and a contemporaneous Judgment shall be entered in favor of the defendant.

Dated this 16th day of May, 2007.

Signed By:
*Karen K. Caldwell*
United States District Judge